UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN ROBINSON, #370921

                Petitioner,                Case No. 2:07-CV-134

v.                                                HON. GORDON J. QUIST

GERALD HOFBAUER,

                Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on November 7, 2007, in which the magistrate judge recommended that the Court deny Petitioner's application for habeas corpus. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

**Facts**

Petitioner asserts two claims: (1) the Parole Board denied him parole in violation of the American with Disabilities Act ("ADA") based on the false belief that he has a history of abusing drugs; and (2) that his right of access to the courts is violated because Michigan does not allow him to appeal his denial of parole. In his report and recommendation, the magistrate first determined that Petitioner's claims were properly exhausted since Michigan does not provide him with the right to appeal the parole denial. The magistrate then concluded that Petitioner was raising a procedural due process claim and recommended that the Court deny this claim since Petitioner does not have a liberty interest in the possibility of parole. Next, the magistrate analyzed Petitioner's ADA claim

and concluded that his claim should be dismissed because the ADA does not prohibit a parole board from considering an inmate's disability in making an individualized assessment of that inmate's suitability for parole. Finally, the magistrate recommended that the Court deny Petitioner a certificate of appealability.

Petitioner raises several arguments in his objections to the magistrate's report and recommendation. First, Petitioner claims that he never raised a procedural due process argument. Additionally, Petitioner repeatedly asserts that he has never used drugs and that his denial of parole based on this false and unfounded accusation violates the ADA. Petitioner's final objection is that the magistrate ignored his claim that denying him the right to appeal his parole denial violates his right of access to the courts.

**Analysis**

Petitioner is correct that his petition did not raise a procedural due process claim, and the magistrate was wrong to analyze his claim as such. However, Petitioner's claims are still without merit. With reference to his ADA claim, the magistrate was correct that at least one circuit has recognized the ADA's applicability to parole decisions. *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002). In *Thompson*, the court held that the ADA's definition of disability included people who are perceived as having a history of drug dependence. *Id.* at 896. As such, the court held that a parole board may not *categorically* exclude people from parole based on past history of drug use. *Id.* at 898. The court was careful to limit its holding, however, and note that a parole board may make an *individualized* assessment of a person's disability and how that disability affects the person's qualifications for parole. *Id.*, n. 4. The court held "only that plaintiffs may state a claim under Title II based on their allegations that the parole board failed to perform an individualized assessment of the threat they pose to the community by categorically excluding from consideration for parole all people with substance abuse histories." *Id.*, n. 4.

Therefore, the magistrate's report correctly suggested dismissing Petitioner's claim because Petitioner does not allege that the parole board categorically excluded from consideration for parole all people with a history of abusing drugs. Rather, Petitioner bases his claim on his allegation that in making its individualized assessment, the parole board falsely accused him of abusing drugs. However, the ADA does not grant the Court the power to review the parole board's decisions or its factual findings. Rather, the ADA simply prohibits the parole board from categorically excluding people from parole on the basis of that disability. Once the parole board makes the individualized assessment of how a person's disability affects his qualifications for parole, the ADA is satisfied. Therefore, Petitioner's objections regarding his ADA claim are without merit.

Petitioner's final objection is that the magistrate ignored his claim that by denying him the right to appeal his parole denial, Michigan is violating his right of access to the courts. Petitioner is correct that the magistrate ignored this aspect of his claim. However, it is immaterial because Petitioner's claim is without merit. The United States Court of Appeals for the Sixth Circuit has already held that Michigan's denial of the right for an inmate to appeal an adverse parole determination does not implicate the right of access to the courts. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Therefore, Petitioner's second claim in his habeas petition fails.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when

the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Magistrate's Report and Recommendation (docket no. 4) is **APPROVED AND ADOPTED** and that the Petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Notice of Appeal (docket no. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**This case is concluded.**


Dated: February 5, 2008  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE